UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE ORTIZ,<br><br>        Plaintiff,<br><br>    v.<br><br>DIVERSIFIED CONSULTANTS, INC.<br><br>        Defendant. | No. 2:17-cv-0713-TLN-KJN PS<br><br><br>ORDER |

      Presently pending before the court is defendant Diversified Consultants, Inc.'s ("DCI") motion to dismiss. (ECF No. 3.) The motion requests dismissal primarily because plaintiff's original complaint, initially filed as a small claims case in state superior court and subsequently removed to this court, fails to allege facts in support of plaintiff's claims for alleged violation of the federal Fair Debt Collection Practices Act and the Fair Credit Reporting Act against defendant DCI. Indeed, the declaration attached to plaintiff's original complaint references what appears to be a different entity titled Credit Bureau Associates. (See ECF No. 1-1.)

      After plaintiff failed to file a timely opposition to the motion to dismiss, the court provided plaintiff with a brief extension until June 8, 2017, to oppose the motion. (ECF No. 8.) On May 26, 2017, plaintiff filed both an opposition to the motion to dismiss as well as a first amended complaint. (ECF No. 9, 10.)

1

Federal Rule of Civil Procedure 15 allows a party to amend her pleading once as a matter of course within 21 days after service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1)(B). If amendment as a matter of course is not permitted, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

In this case, defendant's motion to dismiss was filed and served on April 10, 2017, and plaintiff's first amended complaint was filed well over 21 days later on May 26, 2017. (ECF Nos. 3, 10.) Because the first amended complaint was not permitted as a matter of course, and defendant has not consented to its filing, the court could strike the first amended complaint as an unauthorized pleading. Nevertheless, a cursory review of the first amended complaint reveals that it at least addresses some of the original complaint's deficiencies by setting forth allegations against DCI.[1] It would make little sense to strike the first amended complaint and proceed to resolve a motion to dismiss challenging the original complaint, which plaintiff herself has effectively abandoned and wishes to amend. Therefore, in light of plaintiff's pro se status, principles of judicial economy and efficiency, and the Federal Rules of Civil Procedure's admonition to freely give leave to amend when justice so requires, the court instead retroactively authorizes the filing of plaintiff's first amended complaint. However, plaintiff is cautioned that the future filing of unauthorized amended complaints or other pleadings may result in such pleadings being summarily stricken.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is deemed authorized pursuant to Federal Rule of Civil Procedure 15(a)(2).
2. Defendant DCI's pending motion to dismiss (ECF No. 3) is DENIED WITHOUT PREJUDICE as moot.

////

////

---

[1] The court makes no determination at this juncture whether those allegations are sufficient to state a claim against DCI.

3. Any response to the first amended complaint shall be filed within 28 days of this order.

IT IS SO ORDERED.

Dated: May 31, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE