UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE ORTIZ,<br><br>         Plaintiff,<br><br>    v.<br><br>DIVERSIFIED CONSULTANTS, INC., et al.<br><br>         Defendants. | No. 2:17-cv-0713-TLN-KJN PS<br><br><br><br>ORDER |

INTRODUCTION

Presently pending before the court is a motion to dismiss plaintiff's first amended complaint filed by defendant Diversified Consultants, Inc. ("DCI"). (ECF No. 13.)[1] Plaintiff has opposed the motion, and DCI filed a reply brief. (ECF Nos. 17, 18.) Also pending before the court are two motions for default judgment filed by plaintiff against defendants Charlotte Zehnder and Christopher Zehnder, which those defendants have opposed. (ECF Nos. 19, 20, 22.) For the reasons discussed below, the court GRANTS DCI's motion to dismiss WITH LEAVE TO AMEND, and DENIES the motions for default judgment as premature and moot.[2]

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21).

[2] The court resolves the motions without oral argument pursuant to Local Rule 230(g).

1

BACKGROUND

According to the allegations of plaintiff's first amended complaint, which are taken as true for purposes of DCI's motion to dismiss, non-party AT&T reported an invalid debt to plaintiff's credit report with the credit reporting agency ("CRA") and non-party Experian around May 2016. On May 6, 2016; June 1, 2016; and July 29, 2016, plaintiff disputed the debt with AT&T in writing. Although AT&T purportedly never responded to plaintiff's letters, AT&T nonetheless removed the debt from plaintiff's credit report around September 2016. Thereafter, in March 2017, plaintiff was denied for a mortgage loan because defendant DCI had apparently reported that same debt to plaintiff's credit report around January 10, 2017. Plaintiff essentially alleges that DCI improperly re-reported the invalid debt in violation of the federal Fair Debt Collection Practices Act ("FDCPA") and the federal Fair Credit Reporting Act ("FCRA"). (See generally ECF No. 10.)

Plaintiff initially commenced this action in the Sacramento County Superior Court, and DCI then removed the case to this court on April 3, 2017. (ECF No. 1.) After the court authorized the filing of the operative first amended complaint (ECF Nos. 10, 11), defendant DCI filed the instant motion to dismiss. (ECF No. 13.)

Subsequently, on August 16, 2017, plaintiff filed motions for default judgment against defendants Charlotte Zehnder and Christopher Zehnder, who are alleged to be the chief executive officer and president, respectively, of DCI. (ECF Nos. 19, 20.) The next day, on August 17, 2017, defendants Charlotte Zehnder and Christopher Zehnder filed an answer to the first amended complaint along with an opposition to the motions for default judgment. (ECF Nos. 21, 22.)

DISCUSSION

Motion to Dismiss

*Legal Standard*

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when evaluating them under the standard announced in Iqbal).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding

3

whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

Here, DCI's motion to dismiss does not seek dismissal of plaintiff's FDCPA claim, but only challenges the FCRA claim. DCI contends that plaintiff's FCRA claim fails, because he fails to allege that he disputed DCI's January 2017 credit reporting with the applicable CRA, a threshold requirement for stating a FCRA claim. That argument has merit.

Section 1681s-2(b) of the FCRA imposes certain duties on furnishers of information to CRAs when the furnisher receives notice from the CRA that the consumer disputes the information. 15 U.S.C. § 1681s-2(b)(1). Such duties include conducting an investigation, reporting the results of the investigation to the CRA, and modifying or deleting inaccurate or incomplete information. Id. However, those duties "arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009); see also Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059-60 (9th Cir. 2002). Nowhere in the first amended complaint does plaintiff allege that he disputed DCI's January 2017 credit reporting with the applicable CRA. Even plaintiff's 2016 letters were only alleged to have been addressed to AT&T and not the CRA. As such, plaintiff has failed to show that DCI's duties under 15 U.S.C. § 1681s-2(b)(1) were triggered, and thus cannot state a FCRA claim on that basis.

Plaintiff also appears to attempt to state some type of FCRA claim under Section 1681s-2(a), claiming that, separate and apart from the dispute process, DCI had violated the duty of a furnisher to provide accurate information to a CRA in the first instance. Even assuming, without deciding, that plaintiff is correct, plaintiff's claim is not cognizable, because § 1681s-2 limits a private right of action to "claims arising under subsection (b), the duties triggered upon notice of a dispute from a CRA…Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies." Gorman, 584 F.3d at 1154; see also Nelson, 282 F.3d at 1059. Because plaintiff is a private individual, he cannot assert a claim under Section 1681s-2(a).

////

Finally, to the extent that plaintiff asserts that DCI should have provided him with notice of the debt and a 30-day period to dispute it prior to reporting the debt to the CRA as allegedly required by the FDCPA, that argument has no bearing on this motion, which solely challenges plaintiff's FCRA claim.

Therefore, plaintiff's FCRA claim is dismissed, but with leave to amend. Even though leave to amend is granted, plaintiff shall not re-assert a FCRA claim in any second amended complaint if he concludes that he cannot do so consistent with his obligations under Federal Rule of Civil Procedure 11. If plaintiff finds that he cannot re-assert a FCRA claim in good faith and within the strictures of Rule 11, the second amended complaint should be limited to a FDCPA claim. Indeed, the court is doubtful that plaintiff would be able to state a FCRA claim, especially given that his opposition brief appears to concede that he never disputed the reported debt with a CRA. Nevertheless, out of abundance of caution, the court grants leave to amend the FCRA claim.[3]

Motions for Default Judgment

As noted above, plaintiff has also filed motions for default judgment against the other defendants, Charlotte Zehnder and Christopher Zehnder.

As an initial matter, the motions are premature, because plaintiff has not yet requested the entry of default by the Clerk of Court against those defendants, a prerequisite to filing a motion for default judgment.

Moreover, one day after plaintiff filed the motions for default judgment, defendants Charlotte Zehnder and Christopher Zehnder appeared and filed an answer, and also filed an

---

[3] In his opposition brief, plaintiff also requests summary judgment, contending that DCI has admitted plaintiff's factual allegations in the first amended complaint by not challenging them. Plaintiff misunderstands the legal standard and procedure that apply to a motion to dismiss under Rule 12(b)(6). As the court explained above, in ruling on a motion to dismiss, the court must accept all well-pled, non-conclusory factual allegations as true and determine whether plaintiff states a claim on which relief can be granted. Thus, in formulating arguments in support of a motion to dismiss, DCI must likewise accept all of plaintiff's well-pled, non-conclusory factual allegations as true. However, such acceptance is solely for purposes of the motion to dismiss and is not deemed to constitute admissions for the case as a whole. As such, DCI has not made any binding admissions on which a summary judgment motion could be based. Therefore, plaintiff's request for summary judgment is denied without prejudice as premature.

opposition to the motions for default judgment. Those defendants contend that plaintiff had not properly served them with process and that, in light of their appearance in the action, the motions for default judgment should be denied as moot. Even if plaintiff had properly served the defendants with process, the court finds that entering a default judgment here would be an inappropriate and drastic remedy given defendants' prompt appearance after the motions for default judgment were filed, and would be inconsistent with the strong policy underlying the Federal Rules of Civil Procedure that cases should be resolved on their merits whenever possible.

As such, the court denies the motions for default judgment as both premature and moot.

CONCLUSION

For the reasons outlined above, IT IS HEREBY ORDERED that:

1. Defendant DCI's motion to dismiss (ECF No. 13) is GRANTED.
2. The first amended complaint is DISMISSED but with LEAVE TO AMEND.
3. Any second amended complaint shall be filed within 21 days of this order; shall be captioned "Second Amended Complaint"; shall be limited to stating claims under the FDCPA and FCRA; and shall comply with the terms of this order and Federal Rule of Civil Procedure 11.
4. Defendants shall respond to any second amended complaint, whether by answer or appropriate motion, within 21 days of the filing of the second amended complaint.
5. Plaintiff's request for summary judgment is DENIED WITHOUT PREJUDICE as premature.
6. Plaintiff's motions for default judgment (ECF Nos. 19, 20) are DENIED as premature and moot.

IT IS SO ORDERED.

Dated: August 21, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

6