UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE ORTIZ,<br><br>    Plaintiff,<br><br>v.<br><br>DIVERSIFIED CONSULTANTS, INC., et al.,<br><br>    Defendants. | No. 2:17-cv-0713-TLN-KJN PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

INTRODUCTION

    Presently pending before the court is defendants Diversified Consultants, Inc. ("DCI"); Charlotte L. Zehnder; and Christopher Zehnder's motion to dismiss plaintiff Rene Ortiz's second amended complaint. (ECF No. 34.)[1] Plaintiff has opposed the motion, and defendants filed a reply brief. (ECF Nos. 38, 41.)

    Also pending before the court is plaintiff's motion for default judgment (ECF No. 39), which defendants have opposed (ECF No. 42).[2]

---

[1] Plaintiff represents himself in this action without the assistance of counsel, and the case thus proceeds before the undersigned pursuant to Local Rule 302(c)(21).

[2] Both pending motions were submitted for decision without oral argument on the record and written briefing pursuant to Local Rule 230(g). (ECF Nos. 40, 45.)

1

| | |
|---|---|
| 1 | For the reasons discussed below, the court RECOMMENDS that defendants' motion to |
| 2 | dismiss be GRANTED without further leave to amend and that plaintiff's motion for default |
| 3 | judgment be DENIED. |

BACKGROUND

The background factual allegations, whether disputed or undisputed, are taken from plaintiff's operative second amended complaint, unless otherwise noted. (See Second Amended Complaint, ECF No. 33 ["SAC"].) Plaintiff alleges that around January 2016, DCI began to report a $68.00 debt on plaintiff's credit report. (SAC ¶ 2, Exs. A, G.) After plaintiff disputed the debt with DCI, DCI sent plaintiff a letter dated June 8, 2016, which stated, in part:

> Our offices are in receipt of your letter of dispute or request for verification pursuant to 15 U.S.C. § 1692g of the Fair Debt Collection Practices Act. Please be advised we have contacted our client, AT&T, who has confirmed the name and address listed on the account in addition to the amount owed.
>
> Enclosed is a summary of the charges on the account and any billing statements provided by our client that confirm the charges.
>
> If we can be of any further assistance please call us using the contact number at the bottom of this letter. Calls to or from this company may be monitored or recorded.
>
> This communication is made for the limited purpose of responding to your dispute and is not an attempt to collect a debt.

(SAC ¶ 2, Ex. D.) The letter included a billing statement from AT&T for Rene Ortiz showing an amount owed of $68.40. (SAC ¶ 2, Ex. F.) However, plaintiff alleges that the account number in DCI's June 8, 2016 letter did not match the account number on the AT&T billing statement. (SAC ¶ 2, Exs. D, F.) According to plaintiff, DCI removed the AT&T debt from plaintiff's credit report around September 2016, but then unlawfully re-reported that same disputed debt ($68) around January 2017. (SAC ¶¶ 2, 4, 6, Ex. G.) The January 2017 reporting included a notation that "Consumer disputes this account information." (Id.) Subsequently, on January 31, 2017, and March 7, 2017, plaintiff allegedly applied for a mortgage loan, but was denied due to the AT&T debt that appeared on his credit report. (SAC ¶ 6, Exs. Ka, Kb.)

Based on the above allegations, and as discussed in greater detail below, plaintiff contends that DCI's credit reporting violated sections 1692g and 1692e(8) of the Fair Debt Collection

Practices Act ("FDCPA"). (SAC ¶¶ 3-4.) Plaintiff consequently seeks $139,136.90 in damages. (SAC at 5.)

DISCUSSION

### Motion to Dismiss

*Legal Standard*

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342

3

& n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when evaluating them under the standard announced in Iqbal).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

*Claim under Section 1692g against DCI*

Plaintiff alleges that DCI failed to properly verify the alleged debt in violation of 15 U.S.C. § 1692g. That statute requires, *inter alia*, a debt collector to obtain verification of the debt upon the request of the consumer, and to mail a copy of such verification to the consumer. See 15 U.S.C. § 1692g(a)(4), (b).

According to plaintiff, DCI failed to properly verify the alleged debt, because although DCI sent the June 8, 2016 letter attaching the AT&T billing statement in response to plaintiff's dispute, the account number in DCI's June 8, 2016 letter did not match the account number on the AT&T billing statement. (SAC ¶ 2, Exs. D, F.) To be sure, the account number on the AT&T billing statement (138933396) did not match the account number listed on DCI's June 8, 2016 letter (933138396), although it is far from clear whether the account number on the DCI letter referred to the AT&T account number or DCI's own internal account number. As plaintiff also points out, plaintiff's address listed on DCI's June 8, 2016 letter is also different from the address listed on the June/July 2015 AT&T billing statement, even though the significance of that difference is unclear given the passage of time, potential relocation, etc. Regardless, plaintiff's argument ultimately fails because it attempts to hold DCI to a higher standard than that articulated in binding Ninth Circuit Court of Appeals case law.

4

As the Ninth Circuit has explained:

> In *Mahon v. Credit Bureau of Placer County Inc.*, we described one way to provide proper verification: "[T]he Credit Bureau, when it received the [verification] request, promptly contacted [the creditor's] office, verified the nature and balance of the outstanding bill, learned that monthly statements had been sent from [the creditor's] office to the [debtors] for over two years, and established that the balance was still unpaid. The Credit Bureau then promptly conveyed this information to the [debtors], along with an itemized statement of the account." 171 F.3d 1197, 1203 (9th Cir.1999). Now, the Clarks urge us to hold that *Mahon* sets a standard below which a debt collector's verification efforts must not fall. We decline to impose such a high threshold. Rather, we adopt as a baseline the more reasonable standard articulated by the Fourth Circuit in *Chaudhry v. Gallerizzo*, 174 F.3d 394 (4th Cir.1999). At the minimum, "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Id.* at 406 (citing *Azar v. Hayter*, 874 F. Supp. 1314, 1317 (N.D. Fla.), *aff'd*, 66 F.3d 342 (11th Cir.1995)).

Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1173 (9th Cir. 2006). Here, the documents attached to plaintiff's complaint show that DCI contacted AT&T and confirmed that the amount DCI was collecting ($68.00) was what AT&T claimed was owed by plaintiff. (SAC Ex. D.) Indeed, the AT&T billing statement provided to plaintiff showed that an individual named Rene Ortiz purportedly owed AT&T an amount of $68.40. (SAC, Ex. F.) Although plaintiff points to potential discrepancies in addresses and account numbers, it was reasonable for DCI to rely on the information provided by AT&T given the matching name and amount. See Clark, 460 F.3d at 1174 (noting debt collectors do not have to vouch for the validity of the underlying debt and that the FDCPA does not impose a duty upon debt collectors to independently investigate the claims presented by a creditor). Here, DCI "satisfied the requirement that [it] confirm with [its] client the particular amount being claimed." Id. Therefore, the second amended complaint fails to state a claim for violation of 15 U.S.C. § 1692(g) against DCI.[3]

---

[3] To the extent that the second amended complaint alleges that DCI violated 15 U.S.C. § 1692g by failing to provide plaintiff with a written notice pursuant to section 1692g(a) prior to re-reporting plaintiff's debt in January 2017 (SAC ¶ 9), that claim plainly lacks merit. The FDCPA contains no requirement that a written notice pursuant to section 1692g(a) be provided after a debt has already been validated pursuant to section 1692g(b).

*Claim under Section 1692e(8) against DCI*

15 U.S.C. § 1692e prohibits, in relevant part, a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). In support of his claim under that statute, plaintiff alleges that DCI unlawfully re-reported the alleged AT&T debt in January 2017, because even though DCI failed to properly verify the debt, it nonetheless falsely reported the debt. That argument is unavailing. For the reasons discussed above, DCI properly verified the debt. Moreover, when DCI re-reported the AT&T debt in January 2017, it included a notation that "Consumer disputes this account information" in compliance with the statute." (SAC Ex. G.) See Burdick v. Palisades Collection LLC, 2008 WL 80943, at *2 (C.D. Cal. Jan. 3, 2008) ("A defendant with actual notice that a debt is disputed violates § 1692e(8) by communicating with any third party about the debt *without disclosing the disputed nature of the debt*.") (emphasis added).

Therefore, the second amended complaint also fails to state a claim for violation of 15 U.S.C. § 1692e(8) against DCI.

*Claims against defendants Charlotte L. Zehnder and Christopher Zehnder*

Plaintiff named Charlotte Zehnder and Christopher Zehnder as defendants ostensibly because they are alleged to be executive officers of DCI. (SAC ¶ 1.) As an initial matter, plaintiff fails to allege sufficient facts from which the court could reasonably infer that defendants Charlotte Zehnder and Christopher Zehnder were debt collectors for purposes of the FDCPA. See Schwarm v. Craighead, 552 F. Supp. 2d 1056, 1073 (E.D. Cal. 2008) (noting that "because the FDCPA imposes personal, not derivative, liability, serving as a shareholder, officer, or director of a debt collecting corporation is not, in itself, sufficient to hold an individual liable as a 'debt collector'").

Moreover, even assuming that plaintiff had adequately alleged that defendants Charlotte Zehnder and Christopher Zehnder were debt collectors under the FDCPA, plaintiff's claims against those defendants would fail for the same reasons discussed above with respect to plaintiff's claims against DCI.

*Whether Further Leave to Amend Should be Granted*

Ordinarily, the court, consistent with applicable law, liberally grants leave to amend if it appears possible that a plaintiff, and especially a *pro se* plaintiff, could amend to state a potentially cognizable claim. However, in this case, plaintiff has already previously been provided with notice regarding federal pleading requirements and an opportunity to amend. (See ECF Nos. 11, 26.) Additionally, the nature of plaintiff's claims here, as discussed above, does not suggest that they could be cured in a third amended complaint.

In his opposition brief, plaintiff for the first time alleges that DCI violated 15 U.S.C. § 1692g by failing to provide a written notice pursuant to 15 U.S.C. § 1692g(a) with respect to DCI's *initial reporting* of the AT&T debt in *January 2016*. Even if the court were inclined to entertain a newly-raised claim at this late juncture, such a claim lacks merit. DCI, with its reply brief and in response to plaintiff's new contention in his opposition brief, provided a copy of a January 25, 2016 letter that DCI sent to plaintiff, which plainly complies with the notice requirements of 15 U.S.C. § 1692g(a). (See ECF No. 41, Ex. A.)

Consequently, the court concludes that granting further leave to amend would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Motion for Default Judgment

The court recommends that plaintiff's motion for default judgment against defendants Charlotte Zehnder and Christopher Zehnder be denied for three reasons. First, the Clerk of Court has not entered the default of those defendants, a prerequisite to filing a motion for default judgment. Second, defendants Charlotte Zehnder and Christopher Zehnder have appeared in the action and joined in DCI's motion to dismiss. Third, for the reasons outlined above, the court recommends dismissal of plaintiff's claims against all defendants pursuant to Federal Rule of Civil Procedure 12(b)(6). As such, the court also finds that plaintiff cannot show that his claims are sufficiently pled and have merit for purposes of obtaining a default judgment. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

////

////

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 34) be GRANTED without further leave to amend.
2. The entire action be DISMISSED WITH PREJUDICE.
3. Plaintiff's motion for default judgment (ECF No. 39) be DENIED.
4. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: May 1, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE